**Order filed September 1, 2022**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-21-00468-CV

———————

### SCWYANA SMITH, Appellant

### V.

### ANKUS, L.L.C., Appellee

---

**On Appeal from the 113th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-52368**

---

## ORDER

No reporter's record has been filed in this case. Appellant is proceeding without payment of costs. *See* Tex. R. Civ. P. 145. The clerk's record does not reflect that appellant filed a request for a court reporter's record. *See* Tex. R. Tex. R. App. P. 34.6 (b). On April 14, 2022, the court reporter provided this court with an uncertified copy of a document filed by appellant requesting the portions of the record. On April 28, 2022, this court ordered the trial court to conduct a hearing pursuant to Texas Rule of Civil Procedure 145(i). *See* Tex. R. App. P. 145(i). The District Court responded with a letter stating there is "no order signed regarding findings and fact and conclusion of law on this case. And no request for finding of

fact." This court orders the trial court to conduct a hearing and provide findings, as explained below.

Pursuant to Texas Rule of Civil Procedure 145(i), when a declarant is proceeding without payment of costs, "the court must designate the portions to be transcribed." Tex. R. Civ. P. 145(i). Accordingly, the trial court is directed to conduct a hearing, with 10 days' notice to the parties and the court reporter, to determine what portions of the record are to be transcribed by the court reporter.

The court is directed to reduce its findings to writing and to have a supplemental clerk's record containing those findings filed with the clerk of this court, together with a supplemental reporter's record from the hearing, **by October 3, 2022**. *See* Tex. R. App. P. 34.6(e)(3).

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.


PER CURIAM

Panel Consists of Justices Chief Justice Christopher and Justices Wise and Hassan.